UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Garrin David Smith, #11304-171, *a/k/a Garrett Don Smith*, | C/A No. 6:09-2903-JFA-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Johnny Mack Brown; Loren Grayer; Bruce Pearson; City of Anderson, | |
| Defendants. | |

Plaintiff, a federal prisoner incarcerated at FCC - Yazoo City, Mississippi, files this civil rights action alleging he was falsely arrested, and is now falsely imprisoned. Plaintiff seeks damages. The undersigned is treating this as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 and other civil rights statutes because they do not act under color of *state* law.

On March 20, 2005, plaintiff pleaded guilty to and was convicted of possession with intent to distribute methamphetamine and conspiracy in the United States District Court for the District of South Carolina. He was sentenced to serve 135 months in the custody of the Bureau of Prisons, followed by 5 years of supervised release. On October 31, 2006, the United States Court of Appeals for the Fourth Circuit affirmed his sentence. *U.S. v. Smith*, No. 06-4103 (4th Cir. Oct. 31, 2006).

In the above-captioned matter, plaintiff states that his "civil rights were and currently are being violated by the actions of the above named individuals, which actions were and

are still being directed against the [p]laintiff starting on October 16, 2003 when [p]laintiff was and still is falsely imprisoned." Plaintiff cites to the decision in *Wallace v. Kato*, 127 S.Ct.1091, 2007 WL 517122 (February 21, 2007), claiming the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) does not apply to him. Plaintiff further alleges that "[e]vidence of a guilty plea and conviction upon an arrest for an (sic) criminal offense is not conclusive on the plaintiff in a civil action for false imprisonment, since the records are between different parties."

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading

to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Insofar as the plaintiff's conviction and related state court proceedings are concerned, this civil rights action is subject to summary dismissal because a right of action has not yet accrued. *See Heck v. Humphrey*, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, *supra*. *See also Schafer v. Moore*, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and *Woods v. Candela*, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed). *See also Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178 (4th Cir. 1996). *Accord Smith v. Holtz*, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); *Burnside v. Mathis*, 2004 WL 2944092 (D.S.C. 2004).

*Heck v. Humphrey* is applicable in civil suits against federal officials and entities. *See Stephenson v. Reno*, 28 F.3d 26 (5th Cir., August 8, 1994); *Best v. Kelly*, 309 U.S.App.D.C. 51, 39 F.3d 328, 330 (D.C.Cir., 1994); *Williams v. Hill*, 878 F. Supp. 269 (D.D.C. 1995)("Because Plaintiff has not established that the validity of his conviction or sentence has been reversed on direct appeal, expunged by executive order, or impugned

by the granting of a § 2255 motion or a writ of habeas corpus under § 2241, his *Bivens* action challenging his conviction and sentence will be DISMISSED as frivolous under 28 U.S.C. § 1915(d)."), *affirmed*, 316 U.S.App.D.C. 78, 74 F.3d 1339, 1341 (D.C.Cir. 1996); and *Zolicoffer v. FBI*, 884 F. Supp. 173 (M.D.Pa. 1995).

Plaintiff alleges that the holding in *Kato* insulates him from the holding in *Heck*. Justice Scalia and his concurring judges in *Wallace v. Kato*, 127 S.Ct.1091, 2007 WL 517122 (February 21, 2007), however, held that *Heck* cannot be applied **in the pre-trial context**. *Heck* remains applicable in the context of an existing conviction.

Since the plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, and no federal writ of habeas corpus has been issued, this action must be dismissed for failure to state a claim.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

December 7, 2009  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

***The plaintiff's attention is directed to the important notice on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).